UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY R. MULLINS,

Plaintiff,

v.

DAVE CRIST, LT. MONICA LAIS, CHRIS SALAZAR, and John Doe,

Defendants.

CIVIL NO. 00-2051 (PAM/ESS)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner of the State of Minnesota, has filed a complaint alleging that Defendants violated his federal constitutional rights while he was confined at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-Stillwater"). The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to Defendant Dave Crist, and it will therefore be recommended that the action be dismissed as to him.

## I. BACKGROUND

Plaintiff alleges in his complaint that on April 26, 1999, he was assaulted by Defendant Chris Salazar, a correctional officer at MCF-Stillwater. According to the complaint, Salazar approached Plaintiff's cell, grabbed Plaintiff's arm and pulled it through the bars of the cell, and then slammed Plaintiff's arm on the bars. Plaintiff claims that he suffered "severe pain" and "severe bruising" as a result of this alleged incident.

SEP 08 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff further alleges that he was assaulted again on May 15, 1999, by two unknown correctional officers, (referred to as John Does), who were acting under the direct supervision of Defendant Lt. Monica Lais. On that occasion, Petitioner was struck on the head and suffered "numerous severe bruises and a sprained left pinkey."

Plaintiff now claims that Defendants Lais, Salazar and Does used unnecessary force against him, and treated him "maliciously and sadistically." He is attempting to maintain common law tort claims for assault and battery, as well as a claim under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth Amendment to the Constitution. Plaintiff asks the Court to enter a declaratory judgment in this matter, and award him compensatory and punitive damages.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from various government employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to Defendant Dave Crist, because Plaintiff's Complaint fails to state any actionable claim against him.

The complaint fails to state an actionable claim against Defendant Crist, because it includes no factual allegations describing anything that Crist did or failed to do that could cause him to be liable to Plaintiff. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Here, even with the benefit of liberal construction, Plaintiff's complaint does not describe any specific events or occurrences, or any specific acts or omissions, showing how Defendant Crist could have violated Plaintiff's federal constitutional rights or committed any tort.

Plaintiff alleges only that Crist failed "to take disciplinary action or other action to curb the known pattern of physical abuse of inmates by Defendants Salazar and Does" which "constituted deliberate indifference and contributed to and proximately caused" the alleged assaults against Plaintiff. (Complaint, [Docket No. 2], ¶ 17.) This conclusory allegation is not sufficient to state an actionable claim against Defendant Crist. Plaintiff has offered no factual allegations showing the existence of any "pattern of physical abuse of inmates by Defendants Salazar and Does;" nor are there any factual allegations suggesting that Crist knew or should have known about any such alleged pattern.

Because Plaintiff's complaint does not adequately describe anything that Defendant Crist allegedly did or failed to do that could cause him to be liable to Plaintiff, it will be recommended that the action be dismissed as to Crist pursuant to § 1915(b)(1).

The Court will defer any ruling on the adequacy of Plaintiff's allegations against the remaining Defendants named in this action, and Plaintiff will be allowed to pursue his claims against those Defendants for now.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendant Dave Crist be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the remaining Defendants be allowed to proceed at this time, without prejudice to any defenses that such Defendants may later seek to raise.

Dated: September 7, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.