UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY R. MULLINS,

Plaintiff,

v.

DAVE CRIST, LT. MONICA LAIS, CHRIS SALAZAR, and John Doe,

Defendants.

CIVIL NO. 00-2051 (PAM/ESS)

ORDER

Plaintiff has filed a complaint seeking relief for alleged violations of his federal constitutional rights, and for common law torts of assault and battery, which purportedly occurred while he was incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to Defendant Dave Crist, and that Plaintiff be allowed to prosecute his claims against the remaining named Defendants at this time. The matter is now before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.)

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, the full $150.00 fee), in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he

SEP 08 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the remaining named Defendants -- Lt. Monica Lais and Chris Salazar -- served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because Plaintiff has not submitted an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, and an extra copy of his complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285) and an extra copy of the complaint. (Form USM-285 will be provided by the Clerk's office upon request. Copies of the complaint can also be obtained from the Clerk, upon payment of the prescribed copying

fee.)

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against the remaining named Defendants in this action. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely the full $150.00 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. Within thirty (30) days after the date of this order, Plaintiff shall file one completed Form USM-285 and one extra copy of the complaint for each of the Defendants to be served in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those

Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the complaint;

5. A copy of this Order shall be served together with the summons and Plaintiff's complaint; and

6. Those Defendants upon whom service of process is effected will be required to file a response to Plaintiff's complaint.

Dated: September 7, 2000

E.S. SWEARINGEN
United States Magistrate Judge